# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| LESTER B. MASON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No.   92-cv-1124 |
| SALVADOR GODINEZ, | ) ) ) | |
| Respondent. | ) ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Notice of Appeal (Doc. 56). The Court construes the Notice of Appeal as a request for a Certificate of Appealability.  *See* FED. R. APP. PROC. 22(b)(1).  For the reasons stated below, the request for a Certificate of Appealability is denied.

In 1992, Petitioner initiated a habeas corpus proceeding under 28 U.S.C. § 2254, which was dismissed with prejudice by this Court in 1993; this dismissal was affirmed by the Court of Appeals in 1995.  In 2008, Petitioner filed several motions for reconsideration of the Court's 1993 judgment, which were denied as untimely by this Court.  The Court of Appeals denied Petitioner's request for a Certificate of Appealability as to the Court's 2008 denials, agreeing that the motions for reconsideration were untimely.  In 2009, Petitioner filed yet another motion under Federal Rule of Civil Procedure 60(b), which this Court denied on March 15, 2010, finding that the Rule 60(b) motion was untimely.

Under 28 U.S.C. § 2254(c)(1), a petitioner may only appeal from the court's decision in his habeas case if he obtains a Certificate of Appealability. Here, Petitioner has filed his Notice of Appeal from the Court's order denying his Motion under Federal Rule of Civil Procedure 60(b), which also requires a Certificate. *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007). A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

On March 15, 2010, this Court dismissed Petitioner's motion for relief from judgment under Rule 60(b), finding that the motion was untimely, as it had been filed more than fifteen years after the Court entered judgment in 1993 dismissing Petitioner's § 2254 Petition. (Doc. 55). In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no argument that the Court's March 15, 2010 decision denying the Rule 60(b) motion was debatable or

incorrect.[1]  Moreover, the Court has reviewed its Order denying the Rule 60(b) motion, and finds no basis for a determination that the decision was debatable or incorrect.

IT IS THEREFORE ORDERED that Petitioner's request for a Certificate of Appealability (Doc. 56) is DENIED.

Entered this 7th day of April, 2010.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge

---

[1] Indeed, as noted above, the Court of Appeals affirmed this Court's determination that Petitioner's previous motions for reconsideration were untimely.